UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ROBERT C. SIMMONS,

       Petitioner,

vs.                        Case No. 3:07-cv-2-J-12TEM

JAMES MCDONOUGH,
etc.; et al.,

       Respondents.

---

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on December 28, 2006.[1]  He challenges an April 1, 2004, state court (Duval County) conviction for attempted second degree murder and attempted armed robbery.  On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The

---

[1] The Court will give Petitioner the benefit of the mailbox rule in calculating the one-year limitations period in this case. Petitioner handed his Petition to prison authorities for mailing to this Court on December 28, 2006.

limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitations as set forth in this new subsection. See Response and Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #7) (hereinafter Response), filed March 19, 2007.

On May 27, 2005, Petitioner's judgment of conviction was affirmed on direct appeal.   See Ex.[2] I.   Thus, Petitioner's conviction became final on August 25, 2005 (ninety days after entry of the judgment).   See Supreme Court Rule 13.3;[3] Clay v. United States, 537 U.S. 522 (2003).

On June 19, 2006, 298 days after his conviction became final, Petitioner handed a petition for writ of habeas corpus to prison officials for mailing to the First District Court of Appeal.  Ex. J.   The First District Court of Appeal denied the petition on September 6, 2006, and denied Petitioner's motion for rehearing on October 5, 2006.  See Ex. K; Ex. L.  Thus, the one-year limitations period began to run on October 6, 2006, and expired sixty-seven days later on December 12, 2006.  As noted previously, Petitioner did not hand his Petition to prison authorities for mailing to this Court until December 28, 2006.   Thus, this action was not timely filed.

Petitioner admits that his Petition was not timely-filed.  See Petition at 14.   However, he argues that he is raising claims of fundamental error, which can be raised at any time, and the failure

---

[2] The Court hereinafter refers to the Exhibits to Response to Petition for Writ of Habeas Corpus (Doc. #8), filed March 26, 2007, as "Ex."

[3] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

to consider these claims of fundamental error would violate the Suspension Clause. See "Petitioner's Reply to Respondents' 'Response and Motion to Dismiss' Petition Filed Under § 2254 in the Above Number[ed] Cause" (Doc. #10), filed April 30, 2007. The Court does not find this argument to be persuasive. As an initial matter, the Court notes that there is no exception to the filing time limitations under either state or federal law for claims of fundamental error. See Response at 5-6. Furthermore, the Eleventh Circuit has held that the one-year limitations period for filing a habeas corpus petition in federal court does not amount to suspension of the writ. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000).

In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Thus, the Court will dismiss this case with prejudice as untimely filed.

Therefore, it is now

**ADJUDGED:**

1. The Response and Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #7), filed March 19, 2007, is **GRANTED**.

2. The Petition is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ⎸7ᵀᴴ day of May, 2007.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 5/7
c:
Robert C. Simmons
Counsel of Record

5